1   Julie S. Turner (SBN 191146)
    TURNER BOYD LLP
2   2570 W. El Camino Real
    Suite 380
3   Mountain View, CA 94040
    Phone: (650) 521-5930
4   Fax: (650) 521-5931
    Email: turner@turnerboyd.com

5
    *Attorneys for Defendant*
6   *Zuora, Inc.*

7   Andrew J. Piunti (SBN 113281)
    DPA LAW GROUP
8   1100 Lincoln Avenue, Suite 231
    San Jose, CA 95125
9   Phone: 888-915-5520
    Fax: (408) 351-4444
10  Email: drew@dpalawyers.com

11  *Attorneys for Defendants Keith Freedman*
    *and Freeform Technologies, LLC*

12

13              **UNITED STATES DISTRICT COURT**

14        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15

16  ENKI CORPORATION,                    Case No. 5:13-cv-02201-PSG

17              Plaintiff,               **DEFENDANTS' JOINT NOTICE OF**
                                         **MOTION AND MOTION TO**
18      vs.                              **DISMISS ENKI CORPORATION'S**
                                         **COMPLAINT OR, IN THE**
19  KEITH FREEDMAN et al.,               **ALTERNATIVE, FOR A MORE**
                                         **DEFINITE STATEMENT**
20              Defendants.
                                         **(FRCP 12(b)(6), 28 U.S.C. § 1367(c),**
21                                       **AND FRCP 12(e))**

22                                       Date:    August 27, 2013
                                         Time:    10:00 a.m.
23                                       Courtroom: 5, 4th Floor
                                         Judge:   Paul S. Grewal
24

25

26

27

28

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

# TABLE OF CONTENTS

Page No.

NOTICE OF MOTION AND MOTION ..........................................................................................1

STATEMENT OF ISSUES ...........................................................................................................2

I.      INTRODUCTION ............................................................................................................3

II.     STATEMENT OF FACTS ..............................................................................................3

III.    LEGAL ARGUMENT ......................................................................................................4

        A.      ENKI Fails To Allege Facts Sufficient To State A Civil CFAA Claim ..................5

                1.      ENKI lacks standing to assert a CFAA claim because it has not alleged the
                        type of damages or loss recognized by the CFAA......................................5

                2.      ENKI has failed to allege facts sufficient to show that Defendants'
                        conduct violated any provision of the CFAA ............................................7

        B.      The Court Should Decline To Exercise Supplemental Jurisdiction Over The
                Remaining Eight State-Law Claims.........................................................................10

        C.      ENKI's Claim For Common Law Unfair Competition Is Preempted By The
                California Uniform Trade Secrets Act.....................................................................11

        D.      ENKI's Claim For Intentional Interference With Contractual Advantage Must Fail
                Because It Alleges That Freedman And Freeform Interfered With Zuora's
                Contract With ENKI While Acting As Zuora's Agent.......................................12

        E.      If the Court Is Disinclined To Dismiss The Complaint, Then It Should Order A
                More Definite Statement As To Key Allegations Underlying ENKI's Only
                Federal Claim..........................................................................................................13

IV.     CONCLUSION ..............................................................................................................13

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

Page No.

**CASES**

*Acri v. Varian Assocs.*,
    114 F.3d 999 (9th Cir. 1997) ................................................................................................ 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................................................... 4, 5

*AtPac, Inc. v. Aptitude Solutions, Inc.*,
    730 F.Supp.2d 1174 (E.D. Cal. 2010)..................................................................................... 7

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988) ............................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................................ 4

*Bryant v. Mattel, Inc.*,
    CV 04-9049 DOC RNBX,
    2010 U.S. Dist. LEXIS 103851, 2010 WL 3705668 (C.D. Cal. Aug. 2, 2010)..................... 11

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*,
    556 U.S. 635 (2009)......................................................................................................... 10

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343 (1988)......................................................................................................... 10

*Chicago v. International College of Surgeons*,
    522 U.S. 156 (1997)......................................................................................................... 10

*Convolve, Inc. v. Compaq Comp. Corp.*,
    No. 00 CV 5141 (GBD), 2006 U.S. Dist. LEXIS 13848,
    2006 WL 839022 (S.D.N.Y. Mar. 31, 2006) ..................................................................... 11

*Diamond Power Int'l, Inc. v. Davidson*,
    540 F.Supp.2d 1322 (N.D. Ga. 2007) ................................................................................. 6

*Doctors' Co. v. Superior Court*,
    49 Cal. 3d 39 [260 Cal. Rptr. 183, 775 P.2d 508] (1989)...................................................... 12

*Dryden v. Tri-Valley Growers*,
    65 Cal. App. 3d 990 [135 Cal. Rptr. 720] (1977) ................................................................. 12

*Durning v. First Boston Corp.*,
    815 F.2d 1265 (9th Cir. 1987) ............................................................................................. 5

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

*Epstein v. Wash. Energy Co.*,
  83 F.3d 1136 (9th Cir.1996) ................................................................................................ 5

*Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Matsuda*,
  390 F.Supp.2d 479 (D. Md. 2005) ........................................................................................ 6

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ........................................................................................... 5, 9

*LVRC Holdings LLC v. Brekka,*
  581 F.3d 1127 (9th Cir. 2009) ........................................................................................... 8, 9

*Manor Investment Co. v. F.W. Woolworth Co.,*
  159 Cal. App. 3d 586 [206 Cal. Rptr. 37] (1984) ............................................................... 12

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) ................................................................................................ 4

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2006) ............................................................................................. 5, 9

*Marin v. Jacuzzi*,
  224 Cal. App. 2d 549 [36 Cal. Rptr. 880] (1964) ............................................................... 12

*Mintz v. Mark Bartelstein & Assocs.*,
  906 F.Supp.2d 1017 (C.D. Cal. 2012) .................................................................................. 6

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ................................................................................................. 4

*Orbit One Commc'ns, Inc. v. Numerex Corp.*,
  692 F.Supp.2d 373 (S.D.N.Y. 2010) .................................................................................... 6

*Parrino v. FHP, Inc.*,
  146 F.3d 699 (9th Cir. 1998) ............................................................................................. 5, 9

*Reed v. Lowe*,
  No. CV 10-5783, 2012 U.S. Dist. LEXIS 59266,
  2012 WL 1460588 (C.D. Cal. Mar. 16, 2012) ...................................................................... 4

*Silvaco Data Systems v. Intel Corp.*,
  184 Cal. App.4th 210 (2010) .............................................................................................. 11

*SKF USA, Inc. v. Bjerkness*,
  636 F.Supp.2d 696 (N.D. Ill. 2009) ...................................................................................... 7

*SuccessFactors, Inc. v. Softscape, Inc.*,
  544 F.Supp.2d 975 (N.D. Cal. 2008) .................................................................................... 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Sumner Peck Ranch v. Bureau of Reclamation*,
    823 F.Supp.715 (E.D. Cal. 1993)............................................................................................5

*Sunpower Corp. v. SolarCity Corp. et al.*,
    Case No. 12-CV-00694-LHK,
    2012 U.S. Dist. LEXIS 17624 (N.D. Cal. December 11, 2012) ...........................................11

*United States v. Nosal*,
    676 F.3d 854 (9th Cir. 2012) ............................................................................................5, 9

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ............................................................................................5, 9

*Wise v. Southern Pacific Co.*,
    223 Cal. App. 2d 50 [35 Cal. Rptr. 652] (1963) .................................................................12

**STATUTES**

18 U.S.C. § 1030(a)(2)(C) ............................................................................................... 3, 8, 9

18 U.S.C. § 1030(a)(4).......................................................................................................... 3, 9

18 U.S.C. § 1030(e)(1).............................................................................................................. 7

18 U.S.C. § 1030(e)(11)........................................................................................................ 6, 7

18 U.S.C. § 1030(e)(6).............................................................................................................. 8

18 U.S.C. § 1030(e)(8).............................................................................................................. 6

18 U.S.C. § 1030(g) ............................................................................................................... 6, 7

28 U.S.C. § 1367 ....................................................................................................................... 3

28 U.S.C. § 1367(c) .................................................................................................................. 1

28 U.S.C. § 1367(c)(3)............................................................................................................ 10

FRCP 12(b)(6) ................................................................................................................... 1, 3, 4

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on August 27, 2013 at 10:00 a.m. or as soon thereafter as

the matter may be heard, before the Hon. Paul Singh Grewal, United States Magistrate Judge,

Courtroom 5, 4th Floor, of the United States District Court for the Northern District of California,

San Jose Division, 280 S. First Street, San Jose, California, Defendants Keith Freedman,

Freeform Technologies, LLC, and Zuora Inc. shall and hereby do move the Court for:

1. an order dismissing Plaintiff's federal-law claim for failure to state a claim, pursuant to FRCP 12(b)(6);

2. an order dismissing Plaintiff's remaining claims, all of which sound in state law, based on the Court's discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c); and

3. an order dismissing Plaintiff's common law unfair competition claim as preempted by Plaintiff's California Uniform Trade Secrets Act claim.

4. an order dismissing Plaintiff's claim for intentional interference with contractual advantage for failure to state a claim pursuant to FRCP 12(b)(6)

In the alternative, Defendants move to require Plaintiff to provide a more definite

statement as to the following issues, all of which are required for the Court to assess whether

Plaintiff has properly invoked the Court's jurisdiction:

1. A statement identifying the "protected computer" and who owns or controls it, for purposes of alleging its Computer Fraud and Abuse Act claim;

2. A statement identifying the factual basis for asserting that Defendant Zuora and its employees had no authorization to access the "protected computer" at issue;

3. A statement identifying what "proprietary information" Zuora allegedly misappropriated (*i.e.,* what files were allegedly accessed and/or copied);

4. A statement identifying the factual basis for asserting that Defendant Zuora and its employees did not have authorization to access the alleged "proprietary information" that Zuora allegedly misappropriated; and

5. A statement identifying the "other losses" suffered (Complaint, ¶ 49) and whether such other losses exceeded an aggregate of $5,000, for purposes of alleging its Computer Fraud and Abuse Act claim.

This motion is based upon this notice of motion and motion, the supporting memorandum

of points and authorities, the Declaration of Julie S. Turner in Support of Defendants' Motion to

---

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

1  Dismiss and the exhibits attached thereto, the complete files and records in this action, and such

2  additional evidence and argument as may hereinafter be presented.

3  **STATEMENT OF ISSUES**

4      1.  Should ENKI's claim for violation of the CFAA be dismissed where the CFAA

5  requires that the claimant suffer either (a) damage due to loss or corruption of data or hardware,

6  or (b) loss due to either interruption of service or efforts to remedy the harm caused by the

7  unlawful access to the protected computer, where ENKI has not alleged any damage to hardware

8  or data, any service interruption, or any cognizable harm?

9      2.  Should ENKI's claim for violation of the Computer Fraud and Abuse Act be

10  dismissed where the CFAA requires unauthorized access to a protected computer or data and

11  ENKI has not identified any factual basis for asserting that it owned or otherwise controlled a

12  protected computer such that Defendants required ENKI's authorization to access the computer

13  or the data hosted thereon?

14      3.  Assuming that ENKI's CFAA claim is dismissed, and given that ENKI bases subject

15  matter jurisdiction on its CFAA claim only, should the Court decline to exercise supplemental

16  jurisdiction over the remaining eight claims in ENKI's Complaint, all of which are state-law

17  causes of action?

18      4.  Is ENKI's claim for common law unfair competition based on the Defendants'

19  alleged misappropriation of ENKI proprietary information superseded by ENKI's California

20  Uniform Trade Secrets Act claim, which targets the same conduct?

21      5.  Should ENKI's claim for intentional interference with contractual relations against all

22  Defendants be dismissed where the contract at issue is between ENKI and Defendant Zuora only,

23  and no third-party contract is involved?

24      6.  If the Court does not dismiss the CFAA claim under Rule 12(b)(6), then should ENKI

25  be required to provide a more definite statement identifying the factual basis underlying the

26  essential elements of the CFAA claim so that the Court can actually assess whether the

27  jurisdictional requirements of the CFAA claim can be met?

28

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

## I.     INTRODUCTION

ENKI's Complaint asserts one federal cause of action and eight state law causes of action.  ENKI alleges that subject matter jurisdiction arises solely because of the presence of the federal claim.  Complaint, ¶¶ 7-8.[1]  However, ENKI has failed to allege facts that would satisfy the requisite elements of its federal claim.  As a result, that claim should be dismissed under Rule 12(b)(6) and the Court should decline to exercise supplemental jurisdiction over the remaining state law claims, as authorized by 28 U.S.C. § 1367.

In the alternative, the Court should order ENKI to provide a more definite statement as to the specific factual bases for its key allegations so that Defendants can adequately respond with certainty as to precisely what central and material fact is at issue.

## II.    STATEMENT OF FACTS

ENKI and Zuora entered into a Master Services Agreement dated January 4, 2012 (the "MSA") [¶ 23] and a Statement of Work dated February 23, 2012 (the "SOW") [¶ 40].  These agreements required ENKI to configure certain software and information to monitor Zuora's networks.  [¶ 40]  Zuora was to provide all hardware used in those networks.  *See* SOW at 5, attached as Exhibit A to the Declaration of Julie S. Turner in Support of Defendants' Joint Motion to Dismiss ("Turner Decl.") ("OUT OF SCOPE:  Hardware Provisioning.  ENKI shall not supply or install hardware of any type.").[2]

ENKI alleges that Defendant Keith Freedman, while employed by Zuora, accessed the "Nimsoft servers" to copy ENKI's proprietary information that it used to monitor Zuora's data center.  [¶¶ 39, 41]  ENKI alleges that such access violated the CFAA, 18 U.S.C. §§1030(a)(2)(C) and (a)(4).  ENKI finally alleges that it has suffered damages by this unauthorized access "including, without limitation, the appropriation of its Proprietary Information, data programs, and computer systems, and other losses and damage in an amount to be proven at trial, and well in excess of $5,000 aggregated over a one year period."  [¶ 49]  ENKI

---

[1] Unless otherwise noted, all citations to paragraph numbers are to paragraphs in the Complaint.

[2] The Statement of Work should be considered in connection with this motion, as discussed further below.

1  bases its CFAA claim on these allegations. [¶¶ 45-50] Its CFAA claim is ENKI's only federal

2  law claim.

3  More telling than what ENKI alleges is what it does not allege. ENKI does not allege

4  that it owned or controlled any of the computers on which the Nimsoft software was operating.

5  ENKI does not allege that it suffered any corruption or loss of data, any service interruption as a

6  result of Zuora's alleged unauthorized access to the Nimsoft information, or any losses as a result

7  of expenses to investigate the unauthorized access or correct the effects thereof. ENKI does not

8  allege that jurisdiction is based on diversity.

9  **III.    LEGAL ARGUMENT**

10  A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which

11  relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729,

12  732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) may be based on either (1) the "lack of a

13  cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal

14  theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).[3] While

15  "'detailed factual allegations'" are not required, a complaint must include sufficient facts to

16  "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

17  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial

18  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

19  inference that the defendant is liable for the misconduct alleged." *Id.*

20  To rule on a Rule 12(b)(6) motion to dismiss, the Court should accept all allegations of

21  material fact as true and construe the pleadings in the light most favorable to the Plaintiff.

22  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court

23  need not, however, accept as true pleadings that are no more than legal conclusions or the

24  "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting

25

26  [3] As recognized in *Reed v. Lowe*, *Balistreri* has been overruled "to the extent that it followed the rule that, [a] complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond
27  doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Reed*, No. CV 10-5783, 2012 U.S. Dist. LEXIS 59266, 2012 WL 1460588, at *2 n. 2
28  (C.D. Cal. Mar. 16, 2012) (internal quotations omitted).

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

*Twombly*, 550 U.S. at 555). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996); *accord Iqbal*, 556 U.S. at 677-80.

A "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). "The 'incorporation by reference' doctrine has been extended to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706). A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp.715, 720 (E.D. Cal. 1993) (*citing Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)).

A.    ENKI Fails To Allege Facts Sufficient To State A Civil CFAA Claim

1.    **ENKI lacks standing to assert a CFAA claim because it has not alleged the type of damages or loss recognized by the CFAA**

The main purpose of the CFAA is to punish individuals who access and destroy or impair data and computer systems. *United States v. Nosal*, 676 F.3d 854, 858 (9th Cir. 2012) ("Congress enacted the CFAA in 1984 primarily to address the growing problem of computer hacking"). It is not intended to punish parties that misappropriate and misuse proprietary data. *Nosal*, 676 F.3d at 863 ("the plain language of the CFAA target[s] the unauthorized procurement or alteration of information, not its misuse or misappropriation.") (internal quotation marks,

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

1    citation omitted); *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 692 F.Supp.2d 373, 385

2    (S.D.N.Y. 2010) ("The plain language of the CFAA supports a narrow reading. The CFAA

3    expressly prohibits improper 'access' of computer information. It does not prohibit misuse or

4    misappropriation."); *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Matsuda*, 390

5    F.Supp.2d 479, 499 (D. Md. 2005) ("[T]he CFAA, however, do[es] not prohibit the

6    unauthorized disclosure or use of information, but rather unauthorized access.")

7      This policy is expressed by the CFAA's jurisdictional element for civil suits requiring

8    that the plaintiff suffer "damage or loss" of at least $5,000. 18 U.S.C. § 1030(g) (describing

9    requirements of a civil suit under CFAA). "Damages" and "loss" are terms of art defined as

10    follows:

11      (8) the term "damage" means any impairment to the integrity or availability of data, a program, a system, or information[.] (18 U.S.C. § 1030(e)(8))

12

13      (11) the term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue

14    lost, cost incurred, or other consequential damages incurred because of interruption of service[.] (18 U.S.C. § 1030(e)(11))

15

16    ENKI's only allegation of loss or damage is found in Paragraph 49 of the Complaint:

17    "ENKI has suffered damages by reason of Defendants' violations, including, without limitation,

18    the appropriation of its Proprietary Information, data, programs, and computer systems, and other

19    losses and damage in an amount to be proven at trial, and well in excess of $5,000 aggregated

20    over a one year period." [¶ 49]

21      Nowhere does ENKI allege that there was any impairment to the integrity or availability

22    of any data, program, system or information. Consequently, ENKI has not alleged any

23    "damage."

24      Nor does ENKI allege facts sufficient to establish "loss." The first clause defining "loss,"

25    encompasses costs to a victim required to remedy the harm caused by an unauthorized access.

26    *Mintz v. Mark Bartelstein & Assocs.*, 906 F.Supp.2d 1017, 1030 (C.D. Cal. 2012); *AtPac, Inc. v.*

27    *Aptitude Solutions, Inc.*, 730 F.Supp.2d 1174, 1184-85 (E.D. Cal. 2010); *SuccessFactors, Inc. v.*

28    *Softscape, Inc.*, 544 F.Supp.2d 975, 980-81 (N.D. Cal. 2008). The second clause encompasses

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

1  lost revenues, costs, and other consequential damages caused by a service interruption. *AtPac,*

2  730 F.Supp.2d at 1184. Loss does not encompass litigation expenses or harm due to the misuse

3  of proprietary data. *Id.* at 1184-85.

4       ENKI does not allege that it suffered any interruption of service, and thus does not allege

5  facts sufficient to support loss as defined in the second clause. *See* 18 U.S.C. § 1030(e)(11).

6  The only harm that ENKI alleges with any specificity is the "appropriation of its Proprietary

7  information, data, programs and computer systems." These harms do not qualify as "loss" as

8  required by the CFAA. *AtPac,* 730 F.Supp.2d at 1184-85 (citing *SKF USA, Inc. v. Bjerkness*,

9  636 F.Supp.2d 696 (N.D. Ill. 2009) (holding that former employees' unauthorized transfer of

10  confidential files and trade secrets to thumb drives which were brought to new employer and

11  eventually resulted in lost business to plaintiff did not constitute a "loss" under the CFAA to

12  support a civil action) ("Purely economic harm unrelated to the computer systems is not covered

13  by this definition.")); *Diamond Power Int'l, Inc. v. Davidson*, 540 F.Supp.2d 1322, 1343 (N.D.

14  Ga. 2007) ("[A] violation for 'exceeding authorized access' occurs where initial access is

15  permitted but the access of certain information is not permitted.").

16       For these reasons, ENKI has failed to state a claim under the CFAA and that claim should

17  be dismissed.

18              **2.**       **ENKI has failed to allege facts sufficient to show that Defendants'**
                        **conduct violated any provision of the CFAA**

19

20       To establish a CFAA violation, ENKI must properly allege that Defendants violated the

21  CFAA's prohibitions, either by accessing a protected computer without authorization or by

22  exceeding its authorization to access the protected computer. 18 U.S.C. § 1030(g). ENKI has

23  not properly alleged either violation and will not be able to plausibly do so.

24       The CFAA defines a "computer" as a device or a network interoperating such a device.

25  18 U.S.C. § 1030(e)(1). A "protected computer" is such a device or network connected to such a

26  device.

27       CFAA does not define the terms "authorization" or "without authorization" in connection

28  with accessing a protected computer. However, the Ninth Circuit has interpreted the term

"without authorization" to mean "without any permission at all." *LVRC Holdings LLC v.*

*Brekka,* 581 F.3d 1127, 1133 (9th Cir. 2009) ("[A]n employer gives an employee 'authorization'

to access a company computer when the employer gives the employee permission to use it.") The

CFAA defines "[e]xceeds authorized access" as "to access a computer with authorization and to

use such access to obtain or alter information in the computer that the accesser [*sic*] is not

entitled to so obtain or alter." 18 U.S.C. § 1030(e)(6); *see also LVRC Holdings*, 581 F.3d at

1133.

ENKI's CFAA charge revolves around the Defendants' alleged accessing and copying of

proprietary data associated with "Nimsoft software" that was running on a "protected computer."

[¶¶ 38, 46-50] ENKI first alleges that Defendants engaged in conduct prohibited by 18 U.S.C. §

1030(a)(2)(C) by accessing this "protected computer" "without ENKI's authorization." [¶ 46]

However, nowhere does ENKI allege Defendants needed ENKI's authorization to access the

computer—*i.e.*, the device or hardware—on which the Nimsoft software was running (the

"Nimsoft server" identified in Paragraph 41 of the Complaint), nor can it. This is because it is

Zuora that owns the Nimsoft server, not ENKI.

This fact is alleged by ENKI. The SOW that ENKI references in its Complaint

specifically provides that the hardware used to perform the work therein (*i.e.*, the computers or

devices) is to be provided by Zuora. *See* SOW at page 5 (provision of hardware is "OUT OF

SCOPE," and ENKI supplies no hardware of any type under its agreement with Zuora); SOW at

page 6, Paragraph 5.i. (client responsibilities include the purchase and installation of server

hardware) (Turner Decl., Ex. A). The parties' MSA (also referenced by ENKI in the Complaint)

states that any machines that are owned or leased by the Client (*i.e.*, Zuora) are "Client

Machines." *See* MSA at 3, § 2.01 (Turner Decl., Ex. B). Nowhere does ENKI allege that Zuora

transferred ownership of the hardware that it provided under the SOW to ENKI or that such

hardware was not a "Client Machine."[4]

---

[4] Both the SOW and the MSA are to be considered in connection with this motion because (1)

ENKI expressly references both in its allegations [¶ 40], and (2) ENKI's CFAA claim relies on the terms of the SOW and MSA. *See* ¶¶ 40-41; 46-50 (alleging that MSA and SOW establish

ownership of data that ENKI accuses Defendants of accessing without authorization and of misusing, thereby violating the CFAA). *See Marder,* 450 F.3d at 448; *Ritchie*, 342 F.3d at 908;

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

1    Nor does ENKI allege that ENKI had the right to prohibit Zuora from accessing this

2  server.  Under the MSA, it is ***Zuora*** that has the right to authorize ***ENKI*** to use the "Client

3  Machines," not the other way around.  *See* MSA at 10, § 6.03(2) ("Client shall provide to Enki,

4  at no charge to Enki:… (2) access to, and use of the Client Machines, the Client Network and

5  the Client Software.") (Turner Decl., Ex. B).  Consequently, ENKI cannot plausibly allege that

6  ENKI had the power or the right to "authorize" Zuora or its employees to access Zuora's own

7  computer, on which the Nimsoft software was installed.  ENKI cannot base its CFAA claim on

8  18 U.S.C. § 1030(a)(2)(C) because it has not and cannot plausibly allege that Defendants have

9  accessed a protected computer "without authorization."

10    ENKI next alleges that Defendants violated 18 U.S.C. § 1030(a)(4) by exceeding their

11  authorized access to the Nimsoft server and thereby obtained a thing of value, namely content

12  from the Nimsoft server.  Again, ENKI cannot allege that it had the right to prohibit Zuora from

13  accessing the server running Nimsoft.  Furthermore, nowhere does ENKI allege that it had any

14  basis for prohibiting Zuora from accessing the data associated with the Nimsoft software that

15  was running on Zuora's hardware.  ENKI does not point to any actual fact to support such a

16  proposition.  Absent such an allegation, ENKI cannot show that Defendants "exceeded

17  authorized access" to the Nimsoft server.

18    Absent such an allegation, ENKI cannot base its CFAA claim on 18 U.S.C. § 1030(a)(4).

19  This is so even if ENKI were to allege that, through otherwise authorized access, Defendants

20  intended to take something of value (presumably the Nimsoft data) with the intent to defraud

21  ENKI.  Under the Ninth Circuit's interpretation of the CFAA, the unauthorized appropriation

22  and misuse of data is not a CFAA violation where the accessor had the right to access (even if

23  not copy) the data.  *See, e.g., Nosal*, 676 F.3d at 864 ("'exceeds authorized access' in the CFAA

24  is limited to violations of restrictions on *access* to information, and not restrictions on its *use*")

25  (emphasis in original); *LVRC Holdings,* 581 F.3d at 1127.

26

27  *Parrino*, 146 F.3d at 706; and *Knievel*, 393 F.3d at 1076, all discussed *supra* in section setting
     forth legal standards for motion.
28

1    ENKI has not adequately alleged conduct that violates the relevant provisions of the

2    CFAA.  Accordingly, for this reason as well it has failed to state a claim under the CFAA and its

3    first cause of action should be dismissed.

4    **B.    The Court Should Decline To Exercise Supplemental Jurisdiction Over The**
     **Remaining Eight State-Law Claims**

5

6    The claim for violation of the CFAA is ENKI's only federal cause of action against

7    Defendants.  The remaining claims all sound in California state law.  ENKI has not pled diversity

8    jurisdiction.  If the Court should dismiss ENKI's CFAA claim, it has the discretion to retain or

9    decline to exercise supplemental jurisdiction over ENKI's state law claims.  28 U.S.C.

10   § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009).

11   In this instance, the Court's discretion is better exercised by dismissing ENKI's state law

12   claims.  Whether to exercise jurisdiction over supplemental claims depends on a host of factors,

13   including the circumstances of the particular case, the nature of the state law claims, the

14   character of the governing state law, and the relationship between the state and federal claims.

15   *Carlsbad Tech*, 556 U.S. at 640-41 (citing *Chicago v. International College of Surgeons*, 522

16   U.S. 156, 173 (1997)).  While discretion to decline to exercise supplemental jurisdiction over

17   state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed

18   by the Gibbs values "of economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*,

19   114 F.3d 999, 1001 (9th Cir. 1997).  "[I]n the usual case in which all federal-law claims are

20   eliminated before trial, the balance of factors to be considered … will point toward declining to

21   exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484

22   U.S. 343, 350 n.7 (1988).

23   Assuming that ENKI's CFAA claim is dismissed at the pleading stage, there would be no

24   issues of economy, convenience, fairness or comity of which Defendants are aware that should

25   cause the Court to diverge from the usual course of declining supplemental jurisdiction.

26   For these reasons, ENKI's Complaint should be dismissed in its entirety.

27

28

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

**C. ENKI's Claim For Common Law Unfair Competition Is Preempted By The California Uniform Trade Secrets Act**

The Court should dismiss ENKI's claim for common law unfair competition (Complaint, Eighth Claim for Relief) because it is superseded by the California Uniform Trade Secrets Act ("CUTSA") under which ENKI asserts a claim (Complaint, Sixth Claim for Relief). Where a common law claim is based on the same nucleus of facts as a CUTSA claim, it is superseded by the CUTSA claim and should be dismissed absent two factual showings: (1) that the information taken was made property by some provision of positive law on grounds qualitatively different from the grounds upon which trade secrets are considered property (*Bryant v. Mattel, Inc.*, CV 04-9049 DOC RNBX, 2010 U.S. Dist. LEXIS 103851, 2010 WL 3705668, at *22 (C.D. Cal. Aug. 2, 2010) (quoting *Silvaco Data Systems v. Intel Corp.*, 184 Cal. App.4th 210 239 n.22 (2010)); or (2) that the Plaintiff alleges wrongdoing in its non-trade secret claims that is materially distinct from the wrongdoing alleged in its CUTSA claim. *Sunpower Corp. v. SolarCity Corp. et al.,* Case No. 12-CV-00694-LHK, 2012 U.S. Dist. LEXIS 17624 (N.D. Cal. December 11, 2012) *(citing Convolve, Inc. v. Compaq Comp. Corp.,* No. 00 CV 5141 (GBD), 2006 U.S. Dist. LEXIS 13848, 2006 WL 839022 at *6) (S.D.N.Y. Mar. 31, 2006) (applying California law)).

ENKI's common law misappropriation claim identifies the same conduct accused in its CUTSA claim. Both claims focus on Defendants' misappropriation and subsequent unauthorized use of ENKI's trade secret and proprietary information. Compare ¶¶ 78-83 (CUTSA claim) with ¶ 91 (unfair competition claim). ENKI does not identify any wrongdoing associated with one claim that is materially distinct from the other claim. Nor does ENKI identify any positive law granting rights to its non-trade secret proprietary information that is quantitatively different from the grounds on which trade secrets are considered property. Accordingly, under California law, ENKI's common law unfair competition claim is superseded by CUTSA and should be dismissed.

### D. ENKI's Claim For Intentional Interference With Contractual Advantage Must Fail Because It Alleges That Freedman And Freeform Interfered With Zuora's Contract With ENKI While Acting As Zuora's Agent.

ENKI asserts a claim for Intentional Interference with Contractual Relations against Defendants Freedman and Freeform. (Complaint, Seventh Claim for Relief). ENKI alleges that Defendant Freedman and his company, Freeform (who ENKI alleges is the alter-ego of Freedman), disparaged ENKI in order to encourage Zuora to cancel its contract with ENKI.

A party cannot be guilty of tortiously interfering with its own contractual relationships. *Manor Investment Co. v. F.W. Woolworth Co.,* 159 Cal. App. 3d 586, 594 [206 Cal. Rptr. 37] (1984); *Dryden v. Tri-Valley Growers,* 65 Cal. App. 3d 990, 999 [135 Cal. Rptr. 720] (1977).) Similarly, an agent or employee of a contracting party with no personal stake in the transaction cannot be subjected to liability for interference with his employer's contracts. *Wise v. Southern Pacific Co.*, 223 Cal. App. 2d 50, 72-73 [35 Cal. Rptr. 652] (1963) ["Ordinarily corporate agents and employees acting for and on behalf of the corporation cannot be held liable for inducing a breach of the corporation's contract."]; *Marin v. Jacuzzi*, 224 Cal. App. 2d 549, 554 [36 Cal. Rptr. 880] (1964).

ENKI alleges that Defendants Freedman and Freeform were working on behalf of Zuora at the time they allegedly engaged in the conduct that ENKI identified as wrongful. [¶ 44] "Agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." *Doctors' Co. v. Superior Court,* 49 Cal. 3d 39, 45 [260 Cal. Rptr. 183, 775 P.2d 508] (1989). Since ENKI alleges that Freedman and Freeform were working for either ENKI or Zuora during the relevant periods, Freedman and Freeform could not have been inducing Zuora to breach its own contract with ENKI. Consequently, ENKI has failed to state a claim of intentional interference with contractual advantage, and that claim should be dismissed.

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

### E. If the Court Is Disinclined To Dismiss The Complaint, Then It Should Order A More Definite Statement As To Key Allegations Underlying ENKI's Only Federal Claim

Plaintiff's Complaint states bare allegations that could not survive its pleading obligations under *Iqbal* and *Twombly* to establish key facts required to state a CFAA claim against Defendants. In the absence of more specific information and clarification of the points proposed below, Defendants cannot adequately respond to Plaintiff's Complaint and the Court cannot adequately assess if Plaintiff has provided a factual basis for its CFAA claim sufficient to satisfy its burden under FRCP 12(b)(6).

Thus, Defendants move in the alternative to require Plaintiff to provide a more definite statement as to the following issues, all of which are required for the Court to assess whether Plaintiff has properly invoked the Court's jurisdiction:

1. A statement identifying the "protected computer" and who owns or controls it, for purposes of alleging its Computer Fraud and Abuse Act claim;

2. A statement identifying the factual basis for asserting that Defendant Zuora and its employees had no authorization to access the "protected computer" at issue;

3. A statement identifying what "proprietary information" Zuora allegedly misappropriated (*i.e.,* what files were allegedly accessed and/or copied);

4. A statement identifying the factual basis for asserting that Defendant Zuora and its employees did not have authorization to access the alleged "proprietary information" that Zuora allegedly misappropriated; and

5. A statement identifying the "other losses" suffered (Complaint, ¶ 49) and whether such other losses exceeded an aggregate of $5,000, for purposes of alleging its Computer Fraud and Abuse Act claim.

## IV. CONCLUSION

ENKI has attempted to place this case into Federal Court by conjuring an insufficiently pled federal claim under the CFAA. ENKI's fatally flawed claim, while getting its Complaint in the front door, should not be enough to keep its Complaint in Federal Court since any remaining claims are all based on state law.

If the Court agrees with this line of reasoning, then a dismissal is called for. If the Court finds that ENKI might still be able to state a claim under the CFAA (or some other basis for invoking the Court's jurisdiction), the Defendants respectfully request that the Court order

1  Plaintiff to provide a more definite statement regarding the factual bases set forth in Defendants'

2  Argument, above.

3      Regardless of the outcome of the CFAA, Plaintiff's claims for common law unfair

4  competition and intentional interference with contractual relations should be dismissed as legally

5  insufficient.

6  Dated: July 22, 2013                          Respectfully submitted,

7

8                                                /s/ Julie S. Turner
                                                 **TURNER BOYD LLP**
9                                                Julie S. Turner (SBN 191146)
                                                 2570 W. El Camino Real, Suite 380
10                                               Mountain View, CA 94040
                                                 Telephone: (650) 521-5930
11
                                                 *Attorneys for Defendant*
12                                               *Zuora, Inc.*

13

14 Dated July 22, 2013                           /s/ Andrew J. Piunti
                                                 **DPA LAW GROUP**
15                                               Andrew J. Piunti (SBN 113281)
                                                 1100 Lincoln Avenue, Suite 231
16                                               San Jose, CA 95125
                                                 Phone: 888-915-5520
17                                               Fax: (408) 351-4444
                                                 Email: drew@dpalawyers.com
18
                                                 *Attorneys for Defendant*
19                                               *Keith Freedman and Freeform*
                                                 *Technologies, LLC*
20

21

22

23

24

25

26

27

28

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040