1  Julie S. Turner (SBN 191146)
   TURNER BOYD LLP
2  2570 W. El Camino Real
   Suite 380
3  Mountain View, CA 94040
   Phone: (650) 521-5930
4  Fax: (650) 521-5931
   Email: turner@turnerboyd.com
5
   *Attorneys for Defendant*
6  *Zuora, Inc.*

7  Andrew J. Piunti (SBN 113281)
   DPA LAW GROUP
8  1100 Lincoln Avenue, Suite 231
   San Jose, CA 95125
9  Phone: 888-915-5520
   Fax: (408) 351-4444
10 Email: drew@dpalawyers.com

11 *Attorneys for Defendants Keith Freedman*
   *and Freeform Technologies, LLC*

12

13                UNITED STATES DISTRICT COURT

14         FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16 ENKI CORPORATION,                    | Case No.  5:13-cv-02201-PSG

17           Plaintiff,                 | **DEFENDANTS' JOINT NOTICE OF
                                        | MOTION AND MOTION TO
18     vs.                              | DISMISS ENKI CORPORATION'S
                                        | FIRST AMENDED COMPLAINT OR,
19 KEITH FREEDMAN et al.,               | IN THE ALTERNATIVE, FOR A
                                        | MORE DEFINITE STATEMENT**
20           Defendants.                |
                                        | **(FRCP 12(b)(6), 28 U.S.C. § 1367(c),
21                                      | AND FRCP 12(e))**

22                                      | Date:    October 22, 2013
                                        | Time:   10:00 a.m.
23                                      | Courtroom:  5, 4th Floor
                                        | Judge:  Paul S. Grewal

24

25

26

27

28

# TABLE OF CONTENTS

Page No.

NOTICE OF MOTION AND MOTION ..................................................................1

STATEMENT OF ISSUES ................................................................................3

I. INTRODUCTION .................................................................................4

II. STATEMENT OF FACTS .....................................................................6

III. LEGAL ARGUMENT ..........................................................................8

    A. ENKI Fails To Allege Facts Sufficient To State A Claim Under the Federal Computer Fraud and Abuse Act ......................................................9

        1. ENKI lacks standing to assert a CFAA claim because it has not alleged the type of damages or loss recognized by the CFAA ...............9

        2. ENKI has failed to allege facts sufficient to show that Defendants' conduct violated any provision of the CFAA ........................12

    B. ENKI Fails To Allege Facts Sufficient To State A Claim Under the California Computer Data Access and Fraud Act ...............................................14

    C. There is No Supplemental Jurisdiction Over The Breach of Contract Claims Because They Are Not Part Of The Same Case or Controversy As The Federal Claim. .....................................................................15

    D. The Court Should Decline To Exercise Supplemental Jurisdiction Over All Of The State Law Claims ....................................................17

    E. If the Court Is Disinclined To Dismiss The Amended Complaint, Then It Should Order A More Definite Statement As To Key Allegations Underlying ENKI's Only Federal Claim ...............................................18

IV. CONCLUSION .................................................................................18

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

# <u>TABLE OF AUTHORITIES</u>

Page No.

## CASES

*Acri v. Varian Assocs.*,
    114 F.3d 999 (9th Cir. 1997) ............................................................. 17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................ 8

*Ass'n of American Medical Colleges v. United States*,
    217 F.3d 770 (9th Cir. 2000) ........................................................... 15

*AtPac, Inc. v. Aptitude Solutions, Inc.*,
    730 F.Supp.2d 1174 (E.D. Cal. 2010)............................................. 11

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988) ........................................................... 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................ 8

*Brooks v. AM Resorts, LLC*,
    No. 11-995, 2013 U.S. Dist. LEXIS 93372 (E.D. Pa. July 3, 2013)...................... 11

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*,
    556 U.S. 635 (2009)........................................................................ 17

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343 (1988)........................................................................ 17

*Chicago v. International College of Surgeons*,
    522 U.S. 156 (1997)........................................................................ 17

*Del Monte Fresh Produce, N.A., Inc. v. Chiquita Brands Int'l Inc.*,
    616 F. Supp. 2d 805 (N.D. Ill. 2009) ............................................... 11

*Dudick, ex rel. Susquehanna Precision, Inc. v. Vaccarro*,
    No. 06-2175, 2007 U.S. Dist. LEXIS 45953, 2007 WL 1847435 (W.D. Pa. June 25, 2007) 11

*Durning v. First Boston Corp.*,
    815 F.2d 1265 (9th Cir. 1987) ......................................................... 9

*Epstein v. Wash. Energy Co.*,
    83 F.3d 1136 (9th Cir.1996) ............................................................ 8

*Gini v. Las Vegas Metro. Police Dep't.*,
    40 F.3d 1041 (9th Cir. 1994) ........................................................... 17

*In re Facebook Privacy Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011) .................................................................................. 15

*In re Google Android Consumer Privacy Litig.*,
No. 11-MD-02264 JSW, 2013 U.S. Dist. LEXIS 42724 (N.D. Cal. Mar. 26, 2013) ............. 15

*In re iPhone Application Litig.*,
Case No.: 11-MD-02250-LHK, 2011 U.S. Dist. LEXIS 106865 (N.D. Cal. Sept. 20, 2011) 15

*Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Matsuda*,
390 F.Supp.2d 479 (D. Md. 2005) ........................................................................................ 10

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ........................................................................................ 9, 13

*Kokkonen v. Guardian Life Ins. Co. of America*,
511 U.S. 375 (1994)............................................................................................................. 15

*Kuba v. 1-A Agric. Ass'n*,
387 F.3d 850 (9th Cir. Cal. 2004) ........................................................................................ 15

*LVRC Holdings LLC v. Brekka*,
581 F.3d 1127 (9th Cir. 2009) ...................................................................................... 12, 14

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
519 F.3d 1025 (9th Cir. 2008) ............................................................................................... 8

*Marder v. Lopez*,
450 F.3d 445 (9th Cir. 2006) .......................................................................................... 9, 13

*Mintel Int'l Group, LTD. v. Neergheen*,
No. 08-3939, 2010 U.S. Dist. LEXIS 2323, 2010 WL 145786 (N.D. Ill. Jan. 12, 2010)....... 11

*Mintz v. Mark Bartelstein & Assocs.*,
906 F.Supp.2d 1017 (C.D. Cal. 2012) ................................................................................. 11

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) ................................................................................................. 8

*Orbit One Commc'ns, Inc. v. Numerex Corp.*,
692 F.Supp.2d 373 (S.D.N.Y. 2010)................................................................................... 10

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) .......................................................................................... 9, 13

*Reed v. Lowe*,
No. CV 10-5783, 2012 U.S. Dist. LEXIS 59266, 2012 WL 1460588 (C.D. Cal. Mar. 16, 2012) ...................................................................................................................................... 8

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

*Sumner Peck Ranch v. Bureau of Reclamation*,
  823 F.Supp.715 (E.D. Cal. 1993) ................................................................ 9

*United Mine Workers of Am. v. Gibbs*,
  383 U.S. 715 (1966) ................................................................ 15, 17

*United States v. Nosal*,
  676 F.3d 854 (9th Cir. 2012) ................................................................ 9, 14

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ................................................................ 9, 13

*United States v. Santos*,
  553 U.S. 507 (2008) ................................................................ 14

*United States v. Thompson/Center Arms Co.*,
  504 U.S. 505 (1992) ................................................................ 14

## STATUTES

18 U.S.C. § 1030(a)(2)(C) ................................................................ 7, 12, 13

18 U.S.C. § 1030(a)(4) ................................................................ 7

18 U.S.C. § 1030(e)(1) ................................................................ 12

18 U.S.C. § 1030(e)(11) ................................................................ 10, 11

18 U.S.C. § 1030(e)(6) ................................................................ 12

18 U.S.C. § 1030(e)(8) ................................................................ 10

18 U.S.C. § 1030(g) ................................................................ 10, 12

28 U.S.C. § 1367 ................................................................ 3, 15

28 U.S.C. § 1367(a) ................................................................ 1, 5

28 U.S.C. § 1367(c) ................................................................ 1, 5, 17

28 U.S.C. § 1367(c)(2) ................................................................ 16

28 U.S.C. § 1367(c)(3) ................................................................ 17

California Computer Data Access and Fraud Act, Penal Code § 502 ................................................................ 7, 14

FRCP 12(b)(6) ................................................................ 1, 8

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on October 22, 2013 at 10:00 a.m. or as soon thereafter as the matter may be heard, before the Hon. Paul Singh Grewal, United States Magistrate Judge, Courtroom 5, 4th Floor, of the United States District Court for the Northern District of California, San Jose Division, 280 S. First Street, San Jose, California, Defendants Keith Freedman, Freeform Technologies, LLC, and Zuora Inc. shall and hereby do move the Court for:

1. an order dismissing Plaintiff's federal Computer Fraud and Abuse Act claim for failure to state a claim, pursuant to FRCP 12(b)(6);

2. an order dismissing Plaintiff's California Computer Data Access and Fraud Act claim for failure to state a claim, pursuant to FRCP 12(b)(6);

3. an order dismissing Plaintiff's breach of contract claims for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1367(a), because they do not arise from the same nexus of facts that give rise to Plaintiff's one federal claim; and

4. an order dismissing all of Plaintiff's state-law claims based on the Court's discretion to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).

In the alternative, Defendants move to require Plaintiff to provide a more definite statement as to the following issues, all of which are required for the Court to assess whether Plaintiff has properly invoked the Court's jurisdiction:

1. An identification of the actual and beneficial owner of the "protected computer" that Zuora allegedly accessed without authorization (FAC ¶¶ 59-60) for purposes of its Computer Fraud and Abuse Act claim;

2. A statement identifying what "proprietary information" Zuora allegedly misappropriated (*i.e.,* what files were allegedly accessed and/or copied);

3. A statement identifying the exact sum paid to "investigate Defendants' wrongful conduct" [¶ 64], to whom the sum was paid, what was done for that sum, and the purpose for the investigation, so that it may be determined whether Plaintiff meets the jurisdictional threshold to assert a CFAA claim;

4. A statement identifying "the information" that Zuora allegedly requested from ENKI [¶ 53];

5. A statement identifying what hardware comprising "ENKI's Computers," referenced in ¶ 65, and who owns such hardware; and

6. A statement identifying the "ENKI [] computers, computer systems and/or computer networks" referenced in Paragraphs 67 and 69 of the FAC and who owns such hardware.

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

This motion is based upon this notice of motion and motion, the supporting memorandum of points and authorities, the July 22, 2013 Declaration of Julie S. Turner in Support of Defendants' Motion to Dismiss, originally submitted in connection with Defendants' motion to dismiss the original complaint (Docket No. 12-1) and the exhibits attached thereto, the complete files and records in this action, and such additional evidence and argument as may hereinafter be presented.

Turner Boyd LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

1.  Should ENKI's claim for violation of the CFAA be dismissed where the CFAA requires that the claimant suffer a loss of at least $5,000 incurred to address the harm (or potential harm) caused to the Plaintiff's computers or data (but not to prepare for litigation), where ENKI has not alleged how much it has spent to address such cognizable harm (versus litigation preparation)?

2.  Should ENKI's claim for violation of the Computer Fraud and Abuse Act be dismissed where the CFAA requires unauthorized access to a protected computer and ENKI has not identified any factual basis for asserting that it was the actual or beneficial owner of the "protected computer" at issue (and which ENKI alleges was in fact Zuora's computers)?

3.  Should ENKI's CFAA claim be dismissed where the CFAA requires that a defendant have exceeded his authorization in accessing a file on a computer to which he otherwise has access rights, where ENKI never alleges that Zuora accessed a file that in fact it had no right to access (*i.e.,* open or read)?

4.  Should ENKI's California Computer Data Access and Fraud Act claim be dismissed where such a claim requires that Defendants circumvent a technical or code-based barrier to access protected data, and ENKI makes no allegation of any such barrier?

5.  Should ENKI's claims against Freedman and Freeform for breach of contract be dismissed where the only jurisdictional basis is supplemental jurisdiction (28 U.S.C. § 1367), and there is no common nexus of facts between these claims and ENKI's federal claim?

6.  Assuming that ENKI's CFAA claim is dismissed, and given that ENKI bases subject matter jurisdiction on its CFAA claim only, should the Court decline to exercise supplemental jurisdiction over the remaining seven claims in ENKI's Complaint, all of which are state-law causes of action?

7.  If the Court does not dismiss the CFAA and CDAFA claims under Rule 12(b)(6), then should ENKI be required to provide more definite statements concerning allegations required to state such claim so that the Court can actually assess whether these claims are adequately pled to confer jurisdiction and sustain a 12(b)(6) motion to dismiss?

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

## I. INTRODUCTION

ENKI contracted with Zuora to provide certain services related to monitoring and operating Zuora's computer networks. To perform these services, ENKI needed to access computers owned by Zuora so that ENKI could implement software that would assist in performing the services. As its only federal claim here, ENKI charges that Zuora and its employee, (co-defendant) Keith Freedman, accessed files that ENKI had stored on Zuora's computers and misappropriated proprietary ENKI data stored therein, all to ENKI's detriment. ENKI does not allege that it owned the computers, that Zuora's and Freedman's conduct in any way destroyed or impaired the data or the "protected computer" on which it ran, that Zuora and Freedman had no right to access the data they allegedly copied, or that ENKI suffered any interruption to any services that it offered on the "protected computer."

The Computer Fraud and Abuse Act is primarily a criminal statute that provides a civil cause of action in limited circumstances. The CFAA is designed primarily to target "hacking," or the unauthorized access to computers or files for the purpose of harming them or disrupting service. It is not designed to provide an alternative cause of action for misappropriation of proprietary or trade secret information. To state a civil claim under the CFAA, a plaintiff must plausibly allege that the defendant, without authorization, accessed a protected computer or files therein, and that the defendant caused at least $5,000 of harm resulting from an interruption of service or remedial efforts to fix any actual harm caused to the computer or its data. Consequently, under the CFAA, there must be (1) unauthorized access, and (2) harm to the computer or its data that causes at least $5,000 of loss.

ENKI's allegation of unauthorized access is not plausible because the "protected computer" that Zuora allegedly accessed belongs to Zuora. Furthermore, ENKI does not allege that it had ever informed Defendant that they could not access the data they are accused of copying. ENKI only alleges that it denied Zuora and Freedman "write access" (the ability to change aspects of the program) and that ENKI told Zuora that some unidentified information, which may or may not be related to the copied data, was proprietary. FAC ¶¶ 52-53. Because ENKI has not plausibly alleged that Zuora and its employees were not entitled to access

programs on Zuora's own computing system that were placed there to provide services to Zuora, and that ENKI had somehow prohibited Defendants from accessing the accused data, ENKI cannot satisfy the first element of any CFAA claim: unauthorized access.

ENKI also cannot satisfy the jurisdictional harm element of the CFAA. ENKI does not allege that any actions by Zuora or Freedman caused any interruption in ENKI's own systems or services, or that Zuora or Freedman caused harm to the data that required remediation. All ENKI alleges—after having amended its complaint once to address this issue—is that it "lost $9,000 because it was forced to investigate Defendants' wrongful conduct and create new software in order to protect its Proprietary Information from future theft." This type of "loss" is not the result of remedying actual damage to a computer, to its programs or its data, and has been routinely rejected by courts addressing this issue.

The FAC also fails to state a claim under the California Computer Data Access and Fraud Act ("CDAFA"). CDAFA is a criminal statute that has been interpreted by courts of this district to require that a defendant have accessed data without authorization in a manner that overcomes technical or code-based barriers. Plaintiff makes no such allegation here, and the CDAFA claim should be dismissed.

The seven state law claims should be dismissed pursuant to 28 U.S.C. § 1367. First, three of those claims, asserted against Keith Freedman and his company, Freeform, are for breach of contract arising from conduct unrelated to the CFAA claim (the only federal claim). These claims are not part of the same case or controversy as the CFAA claim and thus do not meet the requirement for supplemental jurisdiction under 28 U.S.C. § 1367(a). Additionally, a dismissal of the only federal claim at the very outset militates in favor of dismissal under the discretionary guidelines of 28 U.S.C. § 1367(c).

In the alternative, the Court should order ENKI to provide a more definite statement as to certain ambiguously pleaded allegations specifically directed to jurisdictional requirements under the CFAA, such as what computers were accessed, whether Defendants' access was without authorization, or whether the harm Plaintiff claims to have suffered is the type required to meet the jurisdictional threshold of the CFAA.

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

## II.    STATEMENT OF FACTS[1]

According to the allegations of ENKI's FAC, Defendant Keith Freedman was once an "interest-holding member of ENKI."  [¶ 18][2]  Freedman resigned from ENKI and agreed not to compete with ENKI, not to use any ENKI proprietary information, not to criticize, denigrate or disparage ENKI, and not to reveal the terms of his separation agreement. [¶¶ 19-22]

Months later, ENKI and Zuora entered into a Master Services Agreement (the "MSA") [¶ 23] and a Statement of Work dated February 23, 2012 (the "SOW") [¶¶ 23-25].  These agreements required ENKI to configure certain software and information to monitor Zuora's computer networks.  [Complaint, ¶ 40, Docket No. 1; FAC, ¶ 25]  To do so, Zuora was to provide ENKI with the desired parameters, which ENKI then programmed into a software-based system monitor called Nimsoft.  [¶¶ 48-49]  ENKI also refers to the Zuora computers on which the Nimsoft software is displayed as the "Nimsoft servers."  [See, e.g., ¶ 51]; SOW at 5, attached as Exhibit A to the July 22, 2013 Declaration of Julie S. Turner in Support of Defendants' Joint Motion to Dismiss (Docket No. 12-1)[3] ("Turner Decl.") (showing that Zuora was to provide all hardware – "OUT OF SCOPE:  Hardware Provisioning.  ENKI shall not supply or install hardware of any type.")].[4]

Upon entering into its agreement with Zuora, ENKI engaged Freedman through his company, Freeform, as a third party contractor to work at Zuora's facility.  [¶¶ 30, 32]  Freedman, however, sought to be hired by Zuora and to have Zuora use him instead to provide the services Zuora was receiving from ENKI.  [¶ 33]  To do so, Freedman allegedly disparaged and criticized ENKI in front of Zuora personnel.  [¶¶ 35-37]  He also allegedly revealed the terms of his confidential separation agreement.  [¶ 38]  ENKI terminated Freedman as an ENKI

---

[1] The following facts are as alleged by ENKI, and must be taken as true for purposes of this motion.  Defendants do not intend to imply that they admit the veracity of any of these allegations.

[2] All paragraph citations are to the First Amended Complaint unless otherwise noted.

[3] The ENKI-Zuora agreements have already been filed under seal.  Reference is made to the Turner Declaration originally filed in connection with the motion to dismiss Plaintiff's Complaint, to avoid burdening the court with additional administrative motions to seal.

[4] The Statement of Work is incorporated by reference into the FAC, and should therefore be considered in connection with this motion, as discussed further below.

consultant, but Freedman went to work for Zuora shortly thereafter, as a consultant to Zuora and then as an employee. [¶¶ 39-40] While working directly for Zuora, Freedman used certain confidential and proprietary methods and techniques that he had learned while working for ENKI. [¶¶ 41-47] These facts form the basis of ENKI's breach of contract claims against Freedman (Third, Fourth and Fifth Claims).

ENKI further alleges that Freedman, while employed by Zuora and with Zuora's knowledge, accessed the "Nimsoft servers" to copy ENKI's "Proprietary Information." [¶ 56] Zuora and Freedman should have known that ENKI's "work with Nimsoft" was proprietary, because ENKI had refused to give Zuora and Freedman "write access to Nimsoft." ENKI also allegedly told Zuora that certain unidentified information "is proprietary to how we provide our service to our customers and is not exclusive to Zuora." [¶¶ 52-53]

ENKI alleges that by copying information from the Nimsoft files, Zuora and Freedman violated both the federal Computer Fraud and Abuse Act, 18 U.S.C. §§1030(a)(2)(C) and (a)(4), and the California Computer Data Access and Fraud Act, Penal Code § 502. [First and Second Claims, ¶¶ 57-73] ENKI finally alleges that it has suffered damages by this unauthorized access "including, without limitation, the appropriation of its Proprietary Information, data programs, and computer systems, and other losses and damage in an amount to be proven at trial, and well in excess of $5,000 aggregated over a one year period." [¶ 63] The only specific loss that ENKI claims in this regard is for "$9,000 because it was forced to investigate Defendants' wrongful conduct and create new software in order to protect its Proprietary Information from future theft." [¶ 64]

More telling than what ENKI alleges is what it does not allege. ENKI does not allege that it owned or controlled any of the computers on which the Nimsoft program files were installed. ENKI does not allege that Zuora knew or should have known that it had no authority to open and view the Nimsoft files, only that ENKI had denied Zuora and Freedman "write access"—the ability to change those files. ENKI does not allege that Zuora or Freedman in fact changed any ENKI files. ENKI does not allege that Zuora or Freedman had to overcome any technical or code-based barriers to open, view or copy any of the Nimsoft files.

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

ENKI does not allege that it suffered any corruption or loss of data, any service interruption as a result of Zuora's alleged unauthorized access to the Nimsoft information, or any losses due to investigating and fixing any actual damage or harm to any ENKI computer, program or data.

ENKI does not allege that jurisdiction is based on diversity.

## III.   LEGAL ARGUMENT

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) may be based on either (1) the "lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).[5] While "'detailed factual allegations'" are not required, a complaint must include sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To rule on a Rule 12(b)(6) motion to dismiss, the Court should accept all allegations of material fact as true and construe the pleadings in the light most favorable to the Plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996); *accord Iqbal*, 556 U.S. at 677-80.

---

[5] As recognized in *Reed v. Lowe*, *Balistreri* has been overruled "to the extent that it followed the rule that, [a] complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Reed*, No. CV 10-5783, 2012 U.S. Dist. LEXIS 59266, 2012 WL 1460588, at *2 n. 2 (C.D. Cal. Mar. 16, 2012) (internal quotations omitted).

A "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998). "The 'incorporation by reference' doctrine has been extended to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706). A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp.715, 720 (E.D. Cal. 1993) (*citing Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir. 1987)).

### A.   ENKI Fails To Allege Facts Sufficient To State A Claim Under the Federal Computer Fraud and Abuse Act

Among the requisite elements of a CFAA claim are (1) loss due to corruption of a computer or its data, and (2) unauthorized access. ENKI's FAC fails to adequately allege facts to meet either of these elements.

### 1.   ENKI lacks standing to assert a CFAA claim because it has not alleged the type of damages or loss recognized by the CFAA

The main purpose of the CFAA is to punish individuals who access and destroy or impair data and computer systems. *United States v. Nosal*, 676 F.3d 854, 858 (9th Cir. 2012) ("Congress enacted the CFAA in 1984 primarily to address the growing problem of computer hacking"). It is not designed to punish parties that simply misappropriate and misuse proprietary data. *Nosal*, 676 F.3d at 863 ("the plain language of the CFAA target[s] the unauthorized

procurement or alteration of information, not its misuse or misappropriation.") (internal

quotation marks, citation omitted); *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 692 F.Supp.2d

373, 385 (S.D.N.Y. 2010) ("The plain language of the CFAA supports a narrow reading. The

CFAA expressly prohibits improper 'access' of computer information. It does not prohibit

misuse or misappropriation."); *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-*

*Matsuda*, 390 F.Supp.2d 479, 499 (D. Md. 2005) ("[T]he CFAA, however, do[es] not prohibit

the unauthorized disclosure or use of information, but rather unauthorized access.")

This policy is expressed by the CFAA's jurisdictional element for civil suits requiring

that the plaintiff suffer "damage or loss" of at least $5,000 due to harm to a computer or data, or

to service interruption. 18 U.S.C. § 1030(g) (describing requirements of a civil suit under

CFAA). "Damages" and "loss" are terms of art defined as follows:

> (8) the term "damage" means any impairment to the integrity or
> availability of data, a program, a system, or information[.] (18 U.S.C. §
> 1030(e)(8))

> (11) the term "loss" means any reasonable cost to any victim,
> including the cost of responding to an offense, conducting a damage
> assessment, and restoring the data, program, system, or information to its
> condition prior to the offense, and any revenue lost, cost incurred, or other
> consequential damages incurred because of interruption of service[.] (18
> U.S.C. § 1030(e)(11))

ENKI's only allegation of any specific loss or damage for its CFAA claim is found in

Paragraphs 63 and 64 of the FAC. :

> 63. ENKI has suffered damages by reason of Defendants' violations,
> including, without limitation, the appropriation of its Proprietary
> Information, data, programs, and computer systems, and other losses and
> damage in an amount to be proven at trial, and well in excess of $5,000
> aggregated over a one year period."

> 64. At a minimum, ENKI has lost $9,000 because it was forced to
> investigate Defendants' wrongful conduct and create new software in
> order to protect its Proprietary Information from future theft.

Nowhere does ENKI allege that there was any impairment to the integrity or availability

of any data, program, system or information. Consequently, ENKI has not alleged any "damage"

as defined by the CFAA.

Nor does ENKI allege facts sufficient to establish "loss." The first clause defining "loss"

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

encompasses costs to a victim required to remedy the harm caused by an unauthorized access. *Mintz v. Mark Bartelstein & Assocs.*, 906 F.Supp.2d 1017, 1030 (C.D. Cal. 2012); *AtPac, Inc. v. Aptitude Solutions, Inc.*, 730 F.Supp.2d 1174, 1184-85 (E.D. Cal. 2010). The second clause encompasses lost revenues, costs, and other consequential damages caused by a service interruption. *AtPac,* 730 F.Supp.2d at 1184. "Loss" does not encompass litigation expenses or economic harm due to the misuse of proprietary data. *Id.* at 1184-85.

ENKI does not allege that it suffered any interruption of service, and thus does not allege facts sufficient to support loss as defined in the second clause. *See* 18 U.S.C. § 1030(e)(11). The only loss that ENKI alleges with any specificity is monies it spent to investigate Defendants' wrongful conduct and create new software to protect its Proprietary Information from future theft. ENKI does not allege that it had to spend money to determine who had allegedly accessed ENKI's proprietary data, nor could it. Thus it is unclear what the ENKI's costs to "investigate Defendant's wrongful conduct" were, or whether they were necessary to deal with the integrity of ENKI's data versus for ENKI to explore its litigation options. *See, e.g., Brooks v. AM Resorts, LLC*, No. 11-995, 2013 U.S. Dist. LEXIS 93372, at *18 (E.D. Pa. July 3, 2013) ("While fees paid to an expert for investigating and remedying damage to a computer may be a cognizable "loss" under the CFAA, *see, e.g., Dudick, ex rel. Susquehanna Precision, Inc. v. Vaccarro*, No. 06-2175, 2007 U.S. Dist. LEXIS 45953, 2007 WL 1847435, at *5 (W.D. Pa. June 25, 2007), fees paid to an expert to assist in litigation do not fall within the CFAA's definition of "loss." *See Mintel Int'l Group, LTD. v. Neergheen*, No. 08-3939, 2010 U.S. Dist. LEXIS 2323, 2010 WL 145786, at *10 (N.D. Ill. Jan. 12, 2010) (holding that fees paid to a computer expert to assist the plaintiff in litigation against alleged violator, but not for the purpose of assessing computer damage, were not "losses" under the CFAA); *Del Monte Fresh Produce, N.A., Inc. v. Chiquita Brands Int'l Inc.*, 616 F. Supp. 2d 805, 812 (N.D. Ill. 2009) (same)."

Nor does ENKI allege that these expenses were incurred to remedy harm to ENKI's computers or data, because ENKI does not allege that there was any harm to its computers or data. Consequently, the money ENKI spent does not qualify as a cognizable "loss" for purposes

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

of jurisdiction under the CFAA.

For these reasons, ENKI has failed to state a claim under the CFAA and that claim should be dismissed.

**2.      ENKI has failed to allege facts sufficient to show that Defendants' conduct violated any provision of the CFAA**

To establish a CFAA violation, ENKI must properly allege that Defendants either accessed a protected computer without authorization or exceeded its authorization to access the protected computer or its files. 18 U.S.C. § 1030(g). ENKI has not properly alleged either violation and will not be able to plausibly do so.

The CFAA defines a "computer" hardware - a device or a network interoperating with such a device. 18 U.S.C. § 1030(e)(1). A "protected computer" is such a device or network connected to such a device.

The CFAA does not define the terms "authorization" or "without authorization" in connection with accessing a protected computer. However, the Ninth Circuit has interpreted the term "without authorization" to mean "without any permission at all." *LVRC Holdings LLC v. Brekka,* 581 F.3d 1127, 1133 (9th Cir. 2009) ("[A]n employer gives an employee 'authorization' to access a company computer when the employer gives the employee permission to use it.") The CFAA defines "[e]xceeds authorized access" as "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser [*sic*] is not entitled to so obtain or alter." 18 U.S.C. § 1030(e)(6); *see also LVRC Holdings*, 581 F.3d at 1133.

ENKI's CFAA charge is based on Defendants allegedly accessing proprietary data on a "protected computer"—namely the "Nimsoft servers." [¶ 60] These "Nimsoft servers" are hardware servers owned by and operated for the benefit of Zuora that run, among other things, the Nimsoft software program. [¶ 51; SOW at 5 (Turner Decl., Ex. A)] ENKI first alleges that Defendants engaged in conduct prohibited by 18 U.S.C. § 1030(a)(2)(C) by accessing a "protected computer" "without ENKI's authorization." [¶ 58] However, nowhere does ENKI allege that the Defendants needed ENKI's authorization to access the computer on which the

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

Nimsoft software was running, nor can it. This is because it is Zuora that owns the computer on which the Nimsoft program runs, not ENKI.

This fact is alleged by ENKI. The SOW that ENKI references in its Complaint specifically provides that the hardware used to perform the work therein (*i.e.*, the computers or devices) is to be provided by Zuora. *See* SOW at page 5 (provision of hardware is "OUT OF SCOPE," and ENKI supplies no hardware of any type under its agreement with Zuora); SOW at page 6, Paragraph 5.i. (Zuora's responsibilities include the purchase and installation of server hardware) (Turner Decl., Ex. A). The parties' MSA (also referenced by ENKI in the Complaint) states that any machines that are owned or leased by the Client (*i.e.*, Zuora) are "Client Machines." *See* MSA at 3, § 2.01 (Turner Decl., Ex. B). Nowhere does ENKI allege that Zuora transferred ownership of the hardware that it provided under the SOW to ENKI or that such hardware was not a "Client Machine."[6]

Nor does ENKI allege that ENKI had the right to prohibit Zuora from accessing files on Zuora's own computer hardware. Under the MSA, it is ***Zuora*** that has the right to authorize ***ENKI*** to use the "Client Machines," not the other way around. *See* MSA at 10, § 6.03(2) ("Client shall provide to Enki, at no charge to Enki:… (2) access to, and use of the Client Machines, the Client Network and the Client Software.") (Turner Decl., Ex. B). Consequently, ENKI cannot plausibly allege that ENKI had the power or the right to "authorize" Zuora or its employees to access Zuora's own computers, on which the Nimsoft software was installed. ENKI cannot base its CFAA claim on 18 U.S.C. § 1030(a)(2)(C) because it has not and cannot plausibly allege that Defendants have accessed a protected computer "without authorization."

ENKI next alleges that Defendants violated 18 U.S.C. § 1030(a)(4) by exceeding their authorized access to the "Nimsoft servers" and thereby obtained a thing of value, namely ENKI proprietary information implemented in the Nimsoft program. [¶¶ 59-60] Under the Ninth

---

[6] Both the SOW and the MSA are to be considered in connection with this motion because (1) ENKI expressly references both in its allegations [¶¶ 23-28], and (2) ENKI's CFAA claim relies on the terms of the SOW and MSA. *See* ¶¶ 23-29; 50-51 (alleging that MSA and SOW establish ownership of data that ENKI accuses Defendants of accessing without authorization). *See Marder*, 450 F.3d at 448; *Ritchie*, 342 F.3d at 908; *Parrino*, 146 F.3d at 706; and *Knievel*, 393 F.3d at 1076, all discussed *supra* in section setting forth legal standards for motion.

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

Circuit's interpretation of the CFAA, the unauthorized appropriation and misuse of data is not a CFAA violation where the accessor had the right to access (even if not copy) the data. *See, e.g., Nosal*, 676 F.3d at 864 ("'exceeds authorized access' in the CFAA is limited to violations of restrictions on *access* to information, and not restrictions on its *use*") (emphasis in original); *LVRC Holdings,* 581 F.3d at 1127.

ENKI does not allege that Zuora had no right to view and copy the Nimsoft files. Rather, ENKI alleges more narrowly that Zuora was denied "write access" to these files and that there was some unidentified information that Nimsoft claimed Zuora could not access [¶¶52-53]. Without a plausible allegation that Zuora and Freedman had no right to view the files located on Zuora's own "protected computers," ENKI cannot support a claim that Defendants "exceeded authorized access" to the Nimsoft files. This is so even if ENKI were to allege that, through otherwise authorized access, Defendants intended to take something of value (presumably the Nimsoft data) with the intent to defraud ENKI. *See, e.g., Nosal*, 676 F.3d at 864; *LVRC Holdings*, 581 F.3d at 1127.

ENKI has not adequately alleged conduct that violates the relevant provisions of the CFAA. Accordingly, for this reason as well it has failed to state a claim under the CFAA and its first cause of action should be dismissed.

### B. ENKI Fails To Allege Facts Sufficient To State A Claim Under the California Computer Data Access and Fraud Act

The FAC also fails to state a claim under the California Computer Data Access and Fraud Act ("CDAFA"), a criminal statute enacted as Section 502 of the California Penal Code. Like the CFAA, the CDAFA was enacted to address the problem of unauthorized access to computers to alter or obtain data without authorization. The phrase "without authorization" in connection with the CDAFA has been interpreted by courts of this district, in accord with the rule of lenity,[7]

---

[7] Although this is a civil case, the rule of lenity applies here because conduct that triggers civil penalties under the relevant provision of the CFAA would also be a criminal violation. See *United States v. Nosal*, 676 F.3d 854, 863 (9th Cir. 2012) (en banc); *United States v. Thompson/Center Arms Co.,* 504 U.S. 505, 517-18 & n.10 (1992) (plurality) (citing *Crandon v. United States*, 494 U.S. 152, 168 (1990)); *United States v. Santos*, 553 U.S. 507, 523 (plurality) (2008) (citing *Thompson/Center*).

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

to require that a defendant have accessed data "in a manner that overcomes technical or code-based barriers." *See In re Google Android Consumer Privacy Litig.*, No. 11-MD-02264 JSW, 2013 U.S. Dist. LEXIS 42724, at *35 (N.D. Cal. Mar. 26, 2013) (White, J.); *In re iPhone Application Litig.*, Case No.: 11-MD-02250-LHK, 2011 U.S. Dist. LEXIS 106865, at *37-38 (N.D. Cal. Sept. 20, 2011) (Koh, J.); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 715 (N.D. Cal. 2011) (Ware, J.).

ENKI does not allege that there were any technical or code-based barriers that Defendants overcame in order to view and copy the Nimsoft files located on Zuora's computers. Without so alleging, ENKI has failed to state a claim under the CDAFA and this claim should be dismissed.

**C.     There is No Supplemental Jurisdiction Over The Breach of Contract Claims Because They Are Not Part Of The Same Case or Controversy As The Federal Claim.**

The federal supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that district courts have supplemental jurisdiction over state law claims only if those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.   "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. Cal. 2004).  *See also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  The burden of establishing supplemental jurisdiction lies with the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Ass'n of American Medical Colleges v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000).

ENKI has alleged effectively two sets of claims based on different sets of facts.  These claims can be broken into the contractual breach claims asserted against Freedman alone,[8] and the tort claims asserted against all defendants.[9]  The only federal claim is that for violation of the

---

[8] These are the Third, Fourth and Fifth Claims.

[9] These are the First (CFAA), Second (CDAFA), Sixth (Intentional Interference with Contractual Advantage) and Seventh (California Unfair Competition) Claims.

Computer Fraud and Abuse Act. The question, then, is whether the breach claims arise from a common nucleus of operative facts as the CFAA claim. They do not and should be dismissed.

The three breach claims rely on the following facts: Freedman had agreed in writing with ENKI to refrain from: competing with ENKI; disparaging, criticizing, or denigrating ENKI; using allegedly proprietary know-how that he learned at ENKI; and revealing the terms of his confidential agreements with ENKI. Freedman is alleged to have breached these various duties by working directly for Zuora, by criticizing ENKI in front of Zuora personnel, by using technological know-how that he gained while working at ENKI, and by disclosing the confidential terms of his agreement to Zuora personnel. The factual and legal issues that arise from these claims include construction of the written agreements between Freedman and ENKI, the enforceability of any non-compete agreement therein, what Freedman in fact said about ENKI to Zuora and whether those statement violated any ENKI/Freedman agreement.

By contrast, the CFAA claim is based on the allegations that Zuora, through its employees Freedman and Jeff Dutra, accessed ENKI's proprietary information on the "Nimsoft servers" so that Zuora could terminate its contract with ENKI. The factual and legal issues that arise from this claim include construction of the written agreement between Zuora and ENKI, the definition of "proprietary data," who owned the data associated with the Nimsoft program, Zuora's right to access the data that ENKI claims Zuora copied without authorization, and whether Zuora did in fact access and copy any proprietary ENKI data. These facts are orthogonal to those implicated by the three breach claims.

ENKI may argue that the three breach claims and the facts underlying the CFAA claim are all part and parcel of Freedman's efforts to steal Zuora away from ENKI. If this were so, then ENKI's case is predominantly about Freedman's alleged breaches of his agreement with ENKI. The fact that certain data might have been accessed would be merely one of many acts engaged in by Freedman to substitute his services for ENKI's. The result would be that the seven state law claims, and the contractual breach claims in particular, would overshadow the one federal claim. If this argument prevails, then ENKI's state law claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(2), because the state law claims would substantially

predominate.  One way or another, the breach of contract claims should be dismissed.

### D.	The Court Should Decline To Exercise Supplemental Jurisdiction Over All Of The State Law Claims

ENKI's only federal cause of action against Defendants is its CFAA claim.  The remaining claims all sound in California law.  ENKI has not pled diversity jurisdiction.  If the Court should dismiss ENKI's CFAA claim, then there would be no federal claims remaining.  The Court would have the discretion to retain or decline to exercise supplemental jurisdiction over ENKI's state law claims.  28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009).

Here, the Court's discretion would be best exercised by dismissing ENKI's state law claims.  Whether to exercise jurisdiction over supplemental claims depends on a host of factors, including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims.  *Carlsbad Tech*, 556 U.S. at 640-41 (citing *Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997)).  While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values "of economy, convenience, fairness, and comity."  *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (*citing Gibbs*, 383 U.S. at 726).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered … will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  *Accord Gini v. Las Vegas Metro. Police Dep't.*, 40 F.3d 1041, 1046 (9th Cir. 1994).

Assuming that ENKI's CFAA claim is dismissed at the pleading stage, there would be no issues of economy, convenience, fairness or comity of which Defendants are aware that should cause the Court to diverge from the usual course of declining supplemental jurisdiction.

For these reasons, ENKI's Complaint should be dismissed in its entirety.

### E. If the Court Is Disinclined To Dismiss The Amended Complaint, Then It Should Order A More Definite Statement As To Key Allegations Underlying ENKI's Only Federal Claim

Plaintiff's FAC bare allegations that could not survive its pleading obligations under *Iqbal* and *Twombly* to establish key facts required to state a CFAA claim against Defendants. In the absence of more specific information and clarification of the points proposed below, Defendants cannot adequately respond to Plaintiff's Complaint and the Court cannot adequately assess if Plaintiff has alleged a factual basis for its CFAA claim sufficient to satisfy its burden under FRCP 12(b)(6).

Thus, Defendants move in the alternative to require Plaintiff to provide a more definite statement as to the following issues, all of which are required for the Court to assess whether Plaintiff has properly invoked the Court's jurisdiction:

1. An identification of the actual and beneficial owner of the "protected computer" that Zuora allegedly accessed without authorization (FAC ¶¶ 59-60) for purposes of its Computer Fraud and Abuse Act claim;

2. A statement identifying what "proprietary information" Zuora allegedly misappropriated (i.e., what files were allegedly accessed and/or copied);

3. A statement identifying the exact sum paid to "investigate Defendants' wrongful conduct" [¶ 64], to whom the sum was paid, what was done for that sum, and the purpose for the investigation, so that it may be determined whether Plaintiff meets the jurisdictional threshold to assert a CFAA claim;

4. A statement identifying "the information" that Zuora allegedly requested from ENKI [¶ 53];

5. A statement identifying what hardware comprising "ENKI's Computers," referenced in ¶ 65, and who owns such hardware; and

6. A statement identifying the "ENKI [] computers, computer systems and/or computer networks" referenced in Paragraphs 67 and 69 of the FAC and who owns such hardware.

## IV. CONCLUSION

ENKI has attempted to place this case into Federal Court by conjuring an insufficiently pled federal claim under the CFAA. ENKI has already amended its complaint once to overcome the deficiencies Defendants identified in their first motion to dismiss. While the FAC provides some further detail, it still comes up short as to the elements required by the CFAA, including those going to whether the Court has jurisdiction at all.

While ENKI's efforts to state a CFAA claim have gotten its FAC into the Court's front door, it is not enough to keep the case here, since all remaining claims are based on state law.

If the Court agrees that ENKI has failed to state a claim under the CFAA, then a dismissal is called for. If the Court finds that ENKI might still be able to state a CFAA claim, then the Defendants respectfully request that the Court order Plaintiff to provide a more definite statement regarding the factual bases set forth in Defendants' Argument, above.

Regardless of the fate of the CFAA claim, Plaintiff's claims for common law unfair breach of contract should be dismissed for lack of jurisdiction.

Dated: August 26, 2013                                    Respectfully submitted,


                                                         /s/ Julie S. Turner
                                                         **TURNER BOYD LLP**
                                                         Julie S. Turner (SBN 191146)
                                                         2570 W. El Camino Real, Suite 380
                                                         Mountain View, CA 94040
                                                         Telephone: (650) 521-5930

                                                         *Attorneys for Defendant*
                                                         *Zuora, Inc.*



Dated:  August 26, 2013                                  /s/ Andrew J. Piunti
                                                         **DPA LAW GROUP**
                                                         Andrew J. Piunti (SBN 113281)
                                                         1100 Lincoln Avenue, Suite 231
                                                         San Jose, CA 95125
                                                         Phone: 888-915-5520
                                                         Fax: (408) 351-4444
                                                         Email: drew@dpalawyers.com

                                                         *Attorneys for Defendant*
                                                         *Keith Freedman and Freeform*
                                                         *Technologies, LLC*

TURNER BOYD LLP
2570 W. El Camino Real, Suite 380
Mountain View, CA 94040

## **ATTESTATION PURSUANT TO LOCAL RULE**

I, Julie S. Turner, am counsel to Defendant Zuora, Inc. in the instant action. I am the registered ECF user whose username and password are being used to file this Motion to Dismiss.  In compliance with LR 5-1(i)(3), I hereby attest that the above-identified counsel concurred in this filing.


Dated:     August 26, 2013                       /s/ Julie S. Turner
                                                                  Julie S. Turner